UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOLITA CABRERA,<br><br>         Plaintiff,<br><br> -against-<br><br>FREEDOM MORTGAGE CORP. and MORTGAGE ELECTRONIC REGISTRATIONS INC.,<br><br>         Defendants. | Case No. 1:23-cv-10556 (JLR)<br><br>**MEMORANDUM<br>ORDER AND OPINION** |

JENNIFER L. ROCHON, United States District Judge:

  Lolita Cabrera ("Plaintiff"), proceeding *pro se*, brings claims arising from her home mortgage against Freedom Mortgage Corp. ("Freedom Mortgage") and Mortgage Electronic Registration Systems Inc. ("MERS" and, together with Freedom Mortgage, "Defendants"). ECF No. 1 (the "Complaint" or "Compl."). Having obtained certificates of default, Plaintiff moves for default judgment against Defendants and to strike their answer as untimely. ECF Nos. 14, 17. Defendants have moved to vacate the certificates of default and to dismiss the case for lack of subject matter jurisdiction. ECF No. 19. For the following reasons, the Court DENIES both of Plaintiff's motions, GRANTS Defendants' motion to vacate the certificate of default, and DENIES their motion to dismiss.

BACKGROUND

 **I. Factual History**

  Plaintiff owns a home in the Bronx. Compl. at 1. Freedom Mortgage is the "originating lender" with whom Plaintiff contracted for a mortgage on the Bronx property. *Id.* MERS is "named as a nominee for the lender and the mortgagee of record." *Id.*

  On June 10, 2020, Freedom Mortgage granted Plaintiff's loan application for a 30-year fixed-rate mortgage. *Id.* at 2. The mortgage was recorded in Bronx County on June 17, 2020.

*Id.* "However, the Fixed Rate Note was endorsed in blank by Freedom Mortgage Corp., and the mortgage has not been assigned." *Id.* Plaintiff asserts that "[t]his separation of the Fixed Rate Note from the Mortgage, without proper assignment, constitutes a violation of standard mortgage and securitization procedures and consumer protection laws." *Id.*

## II. Procedural History

Plaintiff sued Defendants on December 4, 2023. *See generally id.* She alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 1026.1 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; Rule 10b-5 of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b-5; and various provisions of New York and California law. *Id.* at 2; *see id.* at 1 (alleging "conversion of private property, fraudulent concealment, tax evasion, violation of consumer privacy laws, and predatory lending"). Plaintiff also claims that "MERS, as a nominee, has no legal standing to foreclose" on her home. *Id.* at 2.

Plaintiff served Defendants with the summons and complaint on December 5, 2023. ECF Nos. 3-4. On January 5, 2024, Plaintiff received certificates of default against Defendants from the Clerk of Court. ECF Nos. 12-13. She moved for default judgment against Defendants on January 9, 2024. ECF No. 14. On January 10, 2024, Defendants answered the Complaint. ECF No. 16. Plaintiff moved to strike the answer. ECF No. 17. On January 29, 2024, the Court ordered Defendants to file a three-page letter by February 5, 2024, "that explains why, under the standards set forth in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), a belated answer is permissible, and why a default judgment should not be entered." ECF No. 18.

On February 2, 2024, Defendants cross-moved to vacate the certificates of default and, additionally, to dismiss the action for lack of subject-matter jurisdiction.[1] ECF No. 19-1 ("Br."). On February 8, 2024, Plaintiff replied in support of her motion to strike and in opposition to Defendants' motions to vacate and dismiss. ECF No. 21 ("Opp"). Defendants submitted a reply declaration on February 16, 2024. ECF No. 22.

## DISCUSSION

Before the Court are three motions: Plaintiff's motion to strike Defendants' late answer; Plaintiff's motion for default judgment; and Defendants' motion to vacate the entry of default and to dismiss the case for lack of subject matter jurisdiction. ECF Nos. 14, 17, 19. The Court first addresses the parties' motions related to Defendants' default, followed by Defendants' motion to dismiss. *See John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) ("The filing of a late answer is analogous to a motion to vacate a default.").

### I. Default Judgment

Under Federal Rule of Civil Procedure ("Rule") 55(c), a court "may set aside an entry of default for good cause" prior to an entry of final judgment. In deciding whether to vacate an entry of default, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "The factors a court considers when deciding whether to set aside a Certificate of Default or a default judgment are the same, but 'courts apply the factors more rigorously in the case of a default judgment,

---

[1] Although Defendants addressed the *Enron Oil* factors in their cross-motion, their 15-page submission far exceeded the three pages permitted by the Court. *See* ECF No. 18. Should Defendants require more pages than permitted for future submissions, they must first request leave from the Court.

3

because the concepts of finality and litigation repose are more deeply implicated.'" *Ramsaran v. Abraham*, No. 15-cv-10182 (JPO), 2017 WL 1194482, at *9 (S.D.N.Y. Mar. 30, 2017) (quoting *Enron Oil*, 10 F.3d at 96).

A motion to vacate the entry of default is "addressed to the sound discretion of the district court." *McNulty*, 137 F.3d at 738. However, the Second Circuit "generally disfavor[s]" default judgment and has expressed a "preference for resolving disputes on the merits." *Enron Oil*, 10 F.3d at 96; *accord Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("Strong public policy favors resolving disputes on the merits."). Therefore, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (Rule 60(b) motion to vacate default judgment); *see United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023) ("[C]ourts addressing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." (quotation marks and citation omitted)).

### A. Willfulness

As illustrated by the timeline in this case, Defendants' default was not willful. A willful default requires "conduct that is more than merely negligent or careless." *McNulty*, 137 F.3d at 738. In contrast to situations in which "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," a defendant's inadvertent mistake may be excusable. *Id.*; *see Am. All.*, 92 F.3d at 61 ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context."). Defendants state that they were unable to answer the Summons and Complaint by December 26, 2023 because they did not retain counsel until January 5, 2024. ECF No. 19-2

at 2, 4.  Defendants attribute their "brief delay" to "shortened work weeks during the Christmas and New Year's holidays."  *Id.* at 2.  Defendants subsequently answered the Complaint on January 10, 2024 – about two weeks after the deadline to do so.  ECF No. 16.  About a week after Plaintiff moved to strike their answer, Defendants cross-moved to vacate the entry of default.  ECF Nos. 17, 19.  None of these submissions clearly indicate that Defendants were acting willfully in not answering the Complaint or delaying the proceedings; rather, they are consistent with Defendants' explanation that they were seeking to retain counsel.  *See Kuriyan v. Schreiber*, No. 23-cv-02381 (JLR), 2023 U.S. Dist. LEXIS 117085, at *4-5 (S.D.N.Y. July 7, 2023) (no willfulness where the defendants were seeking to retain counsel); *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful."), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) (summary order).  Resolving all doubts in favor of Defendants, the Court finds that their default was not willful.

### B. Prejudice

Next, Plaintiff will suffer little prejudice from vacating the entry of default at this early stage of the case.  The delay in responding to the Complaint will not "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Haley v. Weinstein*, No. 20-cv-09109 (JPC), 2021 WL 707074, at *2 (S.D.N.Y. Feb. 22, 2021) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Plaintiff contends that she will be prejudiced only in the sense that vacating the defaults "would disrupt the momentum of the litigation and undermine the procedural integrity of the case."  Opp. ¶ 22.  But "[i]n determining whether setting the default aside will prejudice the plaintiff, it is not enough to show 'delay alone.'"  *Wildflower + Co. v. Mood Apparel, Ltd.*,

338 F.R.D. 192, 197 (S.D.N.Y. 2021) (quoting *Davis*, 713 F.2d at 916); *see Green*, 420 F.3d at 110 ("Some delay is inevitable when a motion to vacate a default judgment is granted; thus, delay alone is not a sufficient basis for establishing prejudice.  Something more is needed." (quotation marks and citation omitted)).  Defendants answered the Complaint just 15 days after their original deadline to do so; they moved to vacate the entry of default less than a month after it was issued.  Plaintiff's motion to strike the answer as untimely and her opposition to the vacatur have themselves delayed these proceedings.  Therefore, Plaintiff will suffer minimal prejudice from vacatur.  *See Wildflower*, 338 F.R.D. at 198 (no prejudice where two-month delay between entry of default and the defendant's request to bring a motion to vacate).

### C. Meritorious Defense

Finally, Defendants have made a threshold showing of a meritorious defense for at least one of Plaintiff's claims.  *See id.* ("[A] party seeking to vacate a default need only establish a defense to at least one claim – not every claim pled in the complaint – at least where the claims would allow for independent awards of damages.").  "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98.  Although "the defaulting defendant need only meet a low threshold to satisfy this factor," he or she "must still articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *Wildflower*, 338 F.R.D. at 198 (brackets, quotation marks, and citations omitted).  "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All.*, 92 F.3d at 61 (citation omitted).

To the extent that Plaintiff raises claims under N.Y. Penal Law § 155.40 and Cal. Penal Code § 532f, Compl. at 2, Defendants argue that Plaintiff lacks standing to initiate criminal prosecutions, Br. ¶ 9. Plaintiff responds that she has standing to seek civil remedies for alleged violations. Opp. ¶¶ 39-40. In any event, Defendants have raised a serious question as to the criminal laws that Plaintiff invokes in her complaint. Therefore, this factor weighs in favor of vacating the entry of default.

### D. Weighing the Factors

Even if Defendants had not shown a meritorious defense on any of Plaintiff's claims, the other factors ultimately weigh in favor of setting aside the default. *Cf. Wildflower*, 338 F.R.D. at 199 (vacating entry of default despite assuming that the defendant's default was willful). The prejudice factor especially favors vacatur considering the short period of time between the entry of default and Defendants' motion to vacate. Vacatur is consistent with the Second Circuit's strong preference for deciding cases on the merits. *See Green*, 420 F.3d at 104.

The Court does not condone Defendants' late answer. Defendants were obligated – and failed – to serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). As Plaintiff noted, vacatur can "set[] a dangerous precedent that could encourage future delays in responses from litigants." Opp. ¶ 26; *see id.* ¶¶ 25-29. Nevertheless, Defendants' conduct in this case and the Second Circuit's preference to resolve disputes on the merits together prompt the Court to vacate the entry of default. *See Starling*, 76 F.4th at 100 ("It cannot be that a single missed deadline is enough to displace the good cause standard of Rule 55 . . . ; if it were, there would never be a party able to lift default under the lenient standard."); *Meehan v. Snow*, 652 F.2d 274, 275-77 (2d Cir. 1981) (per

7

curiam) (district court erred by failing to apply Rule 55(c) standard where the defendant had missed the deadline to file an answer by 10 days).

## II.     Motion to Dismiss

Next, the Court turns to Defendants' motion to dismiss the case. Defendants argue that Plaintiff's state-law claims do not arise under federal law, and that Plaintiff failed to allege how she was injured by Defendants. Br. ¶¶ 7-10. Both arguments are unpersuasive.

As to subject-matter jurisdiction, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 15 U.S.C. § 78aa (federal courts have exclusive jurisdiction over claims arising under the Securities Exchange Act). They also have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims are considered "part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 245 (2d Cir. 2011) (quotation marks and citation omitted). Plaintiff alleges violations of several provisions of federal law, including TILA, RESPA, and Rule 10b-5. Compl. at 2. The Court has original jurisdiction over those claims, and Defendants do not suggest otherwise. Meanwhile, Plaintiff's state-law claims stem from the same "common nucleus of operative fact" in that they also concern Freedom Mortgage's loan to Plaintiff. *Shahriar*, 659 F.3d at 245 (citation omitted). Defendants do not explain why the Court lacks supplemental jurisdiction over these claims, and the Court concludes that it does.

As for standing, Plaintiff has sufficiently alleged an injury in fact. The Court construes *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau*

*of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis and citation omitted). Plaintiff asserts that Defendants "misrepresent[ed] the nature of the mortgage and note, and conceal[ed] vital information" from her. Compl. at 3. She also alleges various harms inflicted by Defendants including conversion of private property, predatory lending, and invalid foreclosure. *Id.* at 1, 3. Finally, Plaintiff suggests that MERS attempted to institute foreclosure proceedings against her despite Freedom Mortgage's improper assignment of Plaintiff's mortgage. *See id.* at 2. Such allegations render Plaintiff's alleged injuries sufficiently concrete to confer Article III standing. *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 85-86 (2d Cir. 2014) (no injury in fact from an allegedly invalid mortgage assignment where plaintiffs did "not plead[] or otherwise suggest[] . . . that they ever received a bill or demand from any entity other than defendants"); *Im v. Bayview Loan Servicing LLC*, No. 16-cv-00634 (JPO), 2018 WL 840088, at *4 (S.D.N.Y. Feb. 12, 2018) (holding that "a borrower is injured by the invalidity of a mortgage assignment only if that assignment exposes her to some additional injury" and acknowledging that "foreclosure is certainly a pecuniary injury" (emphasis omitted)).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to vacate the certificates of default. Plaintiff's motion to strike and Defendants' motion to dismiss are DENIED. The parties are hereby ordered to appear for an Initial Pretrial Conference on **June 5, 2024,** at **10:30 a.m.**, in Courtroom 20B at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. No later than ten days prior to the conference, the parties shall submit a proposed Case Management Plan and Scheduling Order.

The Clerk of Court is respectfully directed to vacate the Certificates of Default at ECF Nos. 12 and 13, terminate the motions pending at ECF Nos. 14, 17, and 19, and mail a copy of this Order to Plaintiff.

Dated: April 25, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge