UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOLITA CABRERA,

                              Plaintiff,

              -against-

FREEDOM MORTGAGE CORP. and MORTGAGE
ELECTRONIC REGISTRATIONS INC.,

                              Defendants.

Case No. 23-cv-10556 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    The Court is in receipt of *pro se* Plaintiff's letter, dated April 29, 2024, asking the

Court to stay civil proceedings in New York Supreme Court, Bronx County.  ECF No. 24.

Plaintiff argues that the "primary reason" for such a stay "is to prevent the risk of conflicting

judgments and undue prejudice." *Id.* at 1.  Plaintiff adds that the "concurrent litigation is

causing undue hardship and financial strain," and that the ongoing proceedings "are causing

significant emotional distress and mental strain." *Id.*

    The Court denies Plaintiff's request.  Under the Anti-Injunction Act, a federal court

"may not grant an injunction to stay proceedings in a State court except as expressly

authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or

effectuate its judgments." 28 U.S.C. § 2283.  "Given 'the explicit wording' of the Anti-

Injunction Act and 'the fundamental principle of a dual system of courts,' '[a]ny doubts as to

the propriety of a federal injunction against state court proceedings should be resolved in

favor of permitting the state courts to proceed in an orderly fashion to finally determine the

controversy.'" *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013) (quoting *Atl.

Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).  "Proceedings

in state courts, thus, should normally be allowed to continue unimpaired by intervention of the

lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the Supreme Court." *Id.* (brackets and citation omitted).

Plaintiff has not shown cause to stay the ongoing state proceedings under any of the Anti-Injunction Act's three exceptions. She points to no federal statute authorizing such a stay. Nor does Plaintiff suggest that an injunction of the state proceeding is "necessary in aid of" the Court's jurisdiction. *See Schurkman*, 728 F.3d at 137 (noting that the "in aid of jurisdiction" exception "generally applies only where necessary to protect a federal court's jurisdiction over a *res*"). Here, the action before the Court is best understood as an *in personam* action that "involves a controversy over liability rather than over possession of a thing." *Id.* (citation omitted). The last exception, known as the "relitigation exception," is similarly inapplicable here because it mainly operates to "prevent relitigation of a claim or issue that previously was presented to and decided by the federal court." *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 634 F. Supp. 3d 158, 167 (S.D.N.Y. 2022) (quotation marks and citation omitted). The Court has not yet ruled on the merits of any claim or issue in this case.

Therefore, Plaintiff's request to stay civil proceedings in Bronx County Supreme Court is DENIED.

Dated: May 13, 2024
   New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge